**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-6882**

─────────

JAMES WILLIAMS,

        Plaintiff - Appellee,

    v.

L. CALTON,

        Defendant - Appellant,

    and

B. CALTON; CAPTAIN LKU; TERRY O'BRIEN; LALOUDE, Staff Counselor; CRUM; SHOEMAKER; CALTON, (brother to B. Calton); CAMPBELL; DELORES; WILLIS; MR. CHAMBERS; LALONDE,

        Defendants.

─────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Glen E. Conrad, Chief District Judge. (7:10-cv-00075-GEC-RSB)

─────────

Submitted:  February 28, 2013      Decided:  March 8, 2013

─────────

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Rick A. Mountcastle, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia; James J. O'Keeffe, IV, GENTRY, LOCKE, RAKES &

MOORE, Roanoke, Virginia, for Appellant. James Williams, Appellee Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Williams filed a <u>Bivens</u>[*] action against Correctional Officer L. Calton, charging that Calton used excessive force against him during an altercation that occurred while Williams was incarcerated at United States Penitentiary Lee in Jonesville, Virginia. Finding that Calton violated Williams' Eighth Amendment rights, the jury awarded $1000 in compensatory damages to Williams but did not award punitive damages. Pursuant to Fed. R. Civ. P. 50(b), Calton moved for judgment as a matter of law arguing, as he had in earlier motions, that he was entitled to qualified immunity and that Williams failed to establish that he acted with the malicious and sadistic intent necessary to support an Eighth Amendment claim. The district court denied Calton's motion and Calton appealed, challenging the denial of his motion for judgment as a matter of law. For the reasons that follow, we affirm.

Whether a prison official has violated the Eighth Amendment entails both subjective and objective considerations. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). Specifically, we must determine "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and

---

[*] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

3

whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). To establish the subjective component in the context of an excessive force claim, a plaintiff must show that the defendant acted "maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Calton argues that the district court erred by denying his motion for judgment as a matter of law because Williams failed to establish this subjective component.

"Judgment as a matter of law is proper only 'if there can be but one reasonable conclusion as to the verdict.'" Ocheltree v Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). "If reasonable minds could differ about the verdict, we are obliged to affirm." King v. McMillan, 594 F.3d 301, 312 (4th Cir. 2010) (internal quotation marks and citation omitted). This court may not make credibility determinations or weigh the evidence and must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150-51 (2000).

With these standards in mind, we have reviewed the evidence presented in this case and conclude that the evidence

4

supports the jury's verdict. Moreover, we find unpersuasive Calton's argument that he is entitled to qualified immunity based on an intervening change in the standard for excessive force claims. Compare Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994), with Wilkins v. Gaddy, 559 U.S. 34, 130 S. Ct. 1175, 1178 (2010).

Accordingly, we affirm. We dispense with oral argument because the facts and law are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED