**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6544

SHERMAN A. THOMPSON,

             Plaintiff – Appellant,

      v.

LIEUTENANT SHELTON; SERGEANT WILFORD FOX; SERGEANT
ALPERSTEIN; OFFICER NATHAN MCMILLIAN; OFFICER ANDERSON;
OFFICER ANTAIUS GRAY,

             Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Louise W. Flanagan,
District Judge. (5:11-ct-03127-FL)

Submitted: August 30, 2013        Decided: September 23, 2013

Before GREGORY, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Sherman A. Thompson, Appellant Pro Se.  Kimberly D. Grande,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherman A. Thompson, a North Carolina inmate, appeals the district court's entry of summary judgment in favor of the Defendants in his 42 U.S.C. § 1983 action. The only undisputed facts are that, on March 16, 2010, Thompson set fire to the mattress in his cell and had to be extracted from the cell. Beyond this, the accounts of the events detailing Thompson's removal from his cell and afterward diverge.

According to Thompson, after he was taken from his cell in full restraints, he was

> struck[] in face once and took into the sallyport to where I was punched by officer Mr. Nathan McMillian in which I was knocked to the ground. Once on the ground I was kicked and stomped over and over to which head stomped against the floor. The head stomping injuries consist of swelling knots on head and serious weeks of headaches. . . . I was later kicked so hard up the buttocks that I later had hemorrhoids in which buttocks was bleeding and buttocks is still being treated for hemorrhoid pains. And I was stomped and kicked unconscience [sic] and I was pent [sic] down by three other officers to which was in sergeant office out the sight of hallway camera. . . .
>
> Sergeant Mr. Wilford stomped and kicked me as he was in the sallyport area going to the hall. Sergeant Mr. Wilford Fox injured my left wrist seriously which he tore open skin to which I have a physical seen injury do [sic] to the handcuffs tearing open wrist.
>
> I was taken to the sergeant office and stomped and kicked unconscience [sic] as well by this officer and punched over and over and blood was coming out of ear to which it was a buzzing in my ear for a week or more. Officer Sergeant Mr. Wilford Fox kick plaintiff two times in groin to which the injury is plaintiff has serious trouble urine [sic] and while still on floor in sergeant office, I was kick up the buttocks

2

so hard that my buttock was bleeding to which I have hemorrhoids and still have daily pains in buttock and scrotum to which lady nurse refuse to look at on march 16, 2010.

The Defendants present a very different version of the events that day. According to affidavits submitted in support of their motion for summary judgment, Thompson assaulted custody staff when they attempted to remove him from his cell. Officers McMillan and Fox "each took hold of one of [Thompson's] arms, but he resisted their attempts to get control of him. Both Defendants used the bent wrist come along to escort [Thompson] off the cellblock." At his prison disciplinary hearing, Thompson was found guilty of setting a fire that endangered others' lives and assaulting prison staff.

Thompson alleges that security cameras recorded the events of March 16. However, in response to the district court's order to produce those recordings, Defendants stated that the events were not videotaped.

Thompson was twice seen by a nurse the day of the extraction. According to his medical records, when Thompson was first seen, his right eye was red and the skin on his upper back and neck were red, though no swelling or bruising was noted. Approximately two hours later, Thompson was seen again and his right eye was then swollen and "very red." Superficial abrasions were noted on his right lower arm and under his left

3

leg cuff. The abrasions were cleaned and bandaids applied. He complained of a headache and was prescribed ibuprofen. The following day, Thompson was interviewed by a social worker who stated in his report that Thompson "was grateful to the officers who rescued him."

On March 21, Thompson submitted another sick call request, stating that "I need to have my head looked at do [sic] to being stomped many times in head. I also was kicking in the growing [sic] many times and has pains in abdominal area." On March 26, Thompson was seen by a nurse who noted that his "head pain resolved, no problem last 2 days," and that his "testicular pain . . . recently resolved," but "complained of lower right sided . . . pain." In his last sick call request contained in the record, dated April 17, Thompson sought treatment for "sores in mouth and throat" and stated that he is "also having ongoing headaches do [sic] to officers stomping my head into the floor many times."

Thompson's response to Defendants' motion for summary judgment states, under penalty of perjury, that he did not refuse the Defendants' instruction and "provoked no attack." He then repeated, under oath, the assertions made in his original complaint regarding the use of force.

Based on this evidence, the district court concluded that the Defendants were entitled to summary judgment because there

was a need for force and the amount of force used was reasonable, given the "de minimis nature of [Thompson's] injury, as well as the lack of evidentiary support for plaintiff's allegations regarding the assault." Thompson appeals.

We review a district court's summary judgment determination de novo, drawing reasonable inferences from the evidence viewed in the light most favorable to the nonmoving party. Webster v. U.S. Dep't of Agric., 685 F.3d 411, 421 (4th Cir. 2012). We find, based on our review of the record, that Thompson presented sufficient evidence to preclude summary judgment and, therefore, we vacate the district court's order.

Although "[a]n express intent to inflict unnecessary pain is not required" to make out an excessive force claim under the Eighth Amendment, an inmate must show that the defendant inflicted unnecessary and wanton pain and suffering. Whitley v. Albers, 475 U.S. 312, 319 (1986). Both objective and subjective considerations factor into our inquiry. "Specifically, Eighth Amendment analysis necessitates inquiry as to whether [a] prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996); see Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008).

5

Where, as here, an inmate claims that a prison official used excessive force against him, the subjective component demands that the inmate demonstrate that officials applied force wantonly; that is, "maliciously and sadistically for the very purpose of causing harm" rather than as part of "a good-faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (internal quotations omitted). "When evaluating evidence to determine whether it is legally sufficient to satisfy the subjective component, a court may allow an inmate's claim to go to the jury only if it concludes that the evidence, viewed in a light most favorable to the claimant, will support a reliable inference of wantonness in the infliction of pain." Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998) (internal quotations omitted). Factors relevant to this determination include "the need for the application of force, the relationship between the need and the amount of force that was used," the extent of the injury, the threat reasonably perceived by the responsible official, "and any efforts made to temper the severity of a forceful response." Whitley, 475 U.S. at 320-21.

Satisfying the objective component in the context of an excessive force claim, on the other hand, demands only that the force used be "nontrivial." Wilkins v. Gaddy, 559 U.S. 34, 39 (2010). As the Supreme Court has instructed, "contemporary

6

standards of decency always are violated . . . whether or not significant injury is evident." Hudson, 503 U.S. at 9 (citation omitted). Nevertheless, a plaintiff's failure to demonstrate a serious injury is not irrelevant to the Eighth Amendment inquiry. Wilkins, 559 U.S. at 37. Indeed, the extent of the injury may suggest that "'the use of force could plausibly have been thought necessary' in a particular situation" or "provide some indication of the amount of force applied." Id. (quoting Hudson, 503 U.S. at 7). As a result, "[a]n inmate who complains of a [mere] 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. at 38 (quoting Hudson, 503 U.S. at 9).

According to the version of events sworn to by Thompson and supported at least in part by his medical records, a jury could infer that the officers wantonly administered significant force to Thompson in retaliation for his conduct rather than for the purpose of bringing him under control. Therefore, we conclude that the district court erred in granting summary judgment in favor of the Defendants, and we vacate its judgment and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>