Per Curiam.
In Hudson v. McMillian, 503 U. S. 1, 4 (1992), this Court held that “the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury.” In this ease, the District Court dismissed a prisoner’s excessive force claim based entirely on its determination that his injuries were “de minimis.” Because the District Court’s approach, affirmed on appeal, is at odds with Hudson’s direction to decide excessive force claims based on the nature of the force rather than the extent of the injury, the petition for certiorari is granted, and the judgment is reversed.
I
In March 2008, petitioner Jamey Wilkins, a North Carolina state prisoner, filed suit in the United States District Court *35 for the Western District of North Carolina pursuant to Rev. Stat. § 1979,42 U. S. C. § 1983. Wilkins’ pro se complaint alleged that, on June 13,2007, he was “maliciously and sadistically” assaulted “[without any provocation” by a corrections officer, respondent Gaddy.[1] App. to Pet. for Cert. C-4. According to the complaint, Gaddy, apparently angered by Wilkins’ request for a grievance form, “snatched [Wilkins] off the ground and slammed him onto the concrete floor.” Ibid. Gaddy “then proceeded to punch, kick, knee and choke [Wilkins] until another officer had to physically remove him from [Wilkins].” Ibid. Wilkins further alleged that, “[a]s a result of the excessive force used by [Gaddy], [he] sustained multiple physical injuries including a bruised heel, lower back pain, increased blood pressure as well as migraine headaches and dizziness” and “psychological trauma and mental anguish including depression, panic attacks and nightmares of the assault.” Ibid.
The District Court, on its own motion and without a response from Gaddy, dismissed Wilkins’ complaint for failure to state a claim. Citing Circuit precedent, the court stated that, “[i]n order to state an excessive force claim under the Eighth Amendment, a plaintiff must establish that he received more than a de minimus [sic] injury.” No. 3:08-cv-00138 (WDNC, Apr. 16, 2008), pp. 1, 2 (footnote omitted; citing Taylor v. McDuffie, 155 F. 3d 479, 483 (CA4 1998); Riley v. Dorton, 115 F. 3d 1159, 1166 (CA4 1997) (en banc)). According to the eourt, Wilkins’ alleged injuries were no more severe than those deemed de minimis in the Circuit’s Taylor and Riley decisions. Indeed, the court noted, Wilkins nowhere asserted that his injuries had required medical attention.
In a motion for reconsideration, Wilkins stated that he was unaware that the failure to allege medical treatment might prejudice his claim. He asserted that he had been pre *36 scribed, and continued to take, medication for his headaches and back pain, as well as for depression. And he attached medical records purporting to corroborate his injuries and course of treatment.
Describing reconsideration as “‘an extraordinary remedy,”' the court declined to revisit its previous ruling. No. 3:08-cv-00138. (WDNC, Aug. 25, 2008), p. 1. The medical records, the court observed, indicated that some of Wilkins’ alleged injuries “were pre-existing conditions.” Id., at 3. Wilkins had sought treatment for high blood pressure and mental health issues even before the assault. The court acknowledged that Wilkins received an X ray after the incident “to examine his ‘bruised heel,’” but it “note[d] that bruising is generally considered a de minimus [sic] injury.” Id., at 4. The court similarly characterized as de minimis Wilkins’ complaints of back pain and headaches. The court denied Wilkins leave to amend his complaint. In a summary disposition, the Court of Appeals affirmed “for the reasons stated by the district court.” 308 Fed. Appx. 696, 697 (CA4 2009) (per curiam).
II
In requiring what amounts to a showing of significant injury in order to state an excessive force claim, the Fourth Circuit has strayed from the clear holding of this Court in Hudson. Like Wilkins, the prisoner in Hudson filed suit under § 1983 alleging that corrections officers had used excessive force in violation of the Eighth Amendment. Evidence indicated that the officers had punched Hudson in the mouth, eyes, chest, and stomach without justification, resulting in “minor bruises and swelling of his face, mouth, and lip” as well as loosened teeth and a cracked partial dental plate. 503 U. S., at 4. A Magistrate Judge entered judgment in Hudson’s favor, but the Court of Appeals for the Fifth Circuit reversed, holding that an inmate must prove “a significant injury” in order to state an excessive force claim. Hudson v. McMillian, 929 F. 2d 1014, 1015 (1990) *37 (per curiam). According to the Court of Appeals, Hudson’s injuries, which had not required medical attention, were too “minor” to warrant relief. Ibid.
Reversing the Court of Appeals, this Court rejected the notion that “significant injury” is a threshold requirement for stating an excessive force claim. The “core judicial inquiry,” we held, was not whether a certain quantum of injury was sustained, but rather “whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.” 503 U. S., at 7; see also Whitley v. Albers, 475 U. S. 312, 319-321 (1986). “When prison officials maliciously and sadistically use force to cause harm,” the Court recognized, “contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.” Hudson, 503 U. S., at 9; see also id., at 13-14 (Black-mun, J., concurring in judgment) (“The Court today appropriately puts to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with ‘significant injury,’ e. g., injury that requires medical attention or leaves permanent marks”).
This is not to say that the “absence of serious injury” is irrelevant to the Eighth Amendment inquiry. Id., at 7 (opinion of the Court). “[T]he extent of injury suffered by an inmate is one factor that may suggest ‘whether the use of force could plausibly have been thought necessary’ in a particular situation.” Ibid, (quoting Whitley, supra, at 321). The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not “every malevolent touch by a prison guard gives rise to a federal cause of action.” 503 U. S., at 9. “The Eighth Amendment’s prohibition of ‘cruel and unusual’ punishments necessarily excludes from constitutional recognition de mini *38 mis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.” Id., at 9-10 (some internal quotation marks omitted). An inmate who complains of a “‘push or shove’” that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id., at 9 (quoting Johnson v. Glick, 481 F. 2d 1028, 1033 (CA2 1973)).
Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury. Accordingly, the Court concluded in Hudson that the supposedly “ ‘minor’ ” nature of the injuries “provide[d] no basis for dismissal of [Hudson’s] §1983 claim” because “the blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not de minimis for Eighth Amendment purposes.” 503 U. S., at 10.
The allegations made by Wilkins in this case are quite similar to the facts in Hudson, and the District Court’s analysis closely resembles the approach Hudson disavowed. Wilkins alleged that he was punched, kicked, kneed, choked, and body slammed “maliciously and sadistically” and “[without any provocation.” Dismissing Wilkins’ action sua sponte, the District Court did not hold that this purported assault, which allegedly left Wilkins with a bruised heel, back pain, and other injuries requiring medical treatment, involved de minimis force. Instead, the court concluded that Wilkins had failed to state a claim because “he simply has not alleged that he suffered anything more than a de minimus [sic] injury.” No. 3:08-cv-00138 (WDNC, Apr. 16, 2008), at 2.
In giving decisive weight to the purportedly de minimis nature of Wilkins’ injuries, the District Court relied on two Fourth Circuit cases. See Riley, 115 F. 3d, at 1166-1168; Taylor, 155 F. 3d, at 483-485. Those cases, in turn, were based upon the Fourth Circuit’s earlier decision in Norman v. Taylor, 25 F. 3d 1259 (1994) (en banc), which approved the *39 practice of using injury as a proxy for force. According to the Fourth Circuit, Hudson “does not foreclose and indeed is consistent with [the] view . . . that, absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis.” 25 F. 3d, at 1263.
The Fourth Circuit’s strained reading of Hudson is not defensible. This Court’s decision did not, as the Fourth Circuit would have it, merely serve to lower the injury threshold for excessive force claims from “significant” to “non-de minimis” — whatever those ill-defined terms might mean. Instead, the Court aimed to shift the “core judicial inquiry” from the extent of the injury to the nature of the force— specifically, whether it was nontrivial and “was applied . . . maliciously and sadistically to cause harm.” 503 U. S., at 7. To conclude, as the District Court did here, that the absence of “some arbitrary quantity of injury” requires automatic dismissal of an excessive force claim improperly bypasses this core inquiry. Id, at 9.[2]
*40 In holding that the District Court erred in dismissing Wilkins’ complaint based on the supposedly de minimis nature of his injuries, we express no view on the -underlying merits of his excessive force claim. In order to prevail, Wilkins will ultimately have to prove not only that the assault actually occurred but also that it was carried out “maliciously and sadistically” rather than as part of “a good-faith effort to maintain or restore discipline.” Id., at 7. Moreover, even if Wilkins succeeds, the relatively modest nature of his alleged injuries will no doubt limit the damages he may recover.
* * *
The petition for certiorari and the motion for leave to proceed in forma pauperis are granted. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

 The materials in the record do not disclose Gaddy’s full name.

 Most Circuits to consider the issue have rejected the Fourth Circuit’s de minimis injury requirement. See, e. g., Wright v. Goord, 554 F. 3d 255, 269-270 (CA2 2009) (“[O]ur Court has reversed summary dismissals of Eighth Amendment claims of excessive force even where the plaintiff’s evidence of injury was slight____ [T]he absence of any significant injury to [the plaintiff] does not end the Eighth Amendment inquiry, for our standards of decency are violated even in the absence of such injury if the defendant’s use of force was malicious or sadistic”); Smith v. Mensinger, 293 F. 3d 641, 648-649 (CA3 2002) (“[T]he Eighth Amendment analysis must be driven by the extent of the force and the circumstances in which it is applied; not by the resulting injuries. . . . [D]e minimis injuries do not necessarily establish de minimis force”); Oliver v. Keller, 289 F. 3d 623, 628 (CA9 2002) (rejecting the view “that to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than de minimis physical injury” (internal quotation marks omitted)); United States v. LaVallee, 439 F. 3d 670, 687 (CA10 2006) (same).
The Fifth Circuit has sometimes used language indicating agreement with the Fourth Circuit’s approach. See, e. g., Gomez v. Chandler, 163 F. 3d 921, 924 (1999) (“[T]o support an Eighth Amendment excessive force *40 claim a prisoner must have suffered from the excessive force a more than de minimis physical injury”). But see Brown v. Lippard, 472 F. 3d 384, 386 (2006) (“This Court has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an excessive force claim”). Even in the Fifth Circuit, however, Wilkins likely would have survived dismissal for failure to state a claim because that court’s precedents have classified the sort of injuries alleged here as non-cfe minimis. See, e. g., ibid, (permitting a prisoner’s Eighth Amendment excessive force claim to proceed to trial where evidence indicated that the prisoner suffered “one-centimeter abrasions on both his left knee and left shoulder, pain in his right knee, and tenderness around his left thumb,” as well as “back problems”); Gomez, supra, at 922 (refusing to grant summary judgment on de minimis injury grounds where the prisoner alleged “physical pain [and] bodily injuries in the form of cuts, scrapes, [and] contusions to the face, head, and body”).