**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-6537**

———————

ROBERT PEOPLES,

             Plaintiff - Appellant,

        v.

PORTER MCKNIGHT, Corporal,

             Defendant - Appellee,

        and

SCDC; GEORGE HAGAN; SCDC DIRECTOR JON OZMINT; MAJOR BERNARD
WALKER; IGC KEN LONG; NFN DUBOSE, Captain; LIEUTENANT ISIAH
CANN; CORY JOHNSON, Officer; LATASHA GRANT, Officer; ERIC
WILLIAMS, Officer; DARRELL TYLER, Lieutenant; SYLVIA RAWLS,
Nurse; RAPID RESPONSE TEAM, All in their individual and
official capacities,

             Defendants.

———————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Cameron McGowan Currie, District
Judge. (8:07-cv-01203-CMC)

———————

Submitted: March 30, 2010          Decided: April 13, 2010

———————

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————

Robert Peoples, Appellant Pro Se.  Andrew Todd Darwin, Ginger Goforth, HOLCOMBE, BOMAR, GUNN & BRADFORD, PA, Spartanburg, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to 42 U.S.C. § 1983 (2006), Robert Peoples, a South Carolina state inmate, filed a complaint alleging that Defendants violated his civil rights during an incident that occurred at the Allendale Correctional Institution on April 22, 2004. Peoples alleged that Defendants used excessive force against him when they sprayed riot gas into his cell following a disturbance on his wing and then were deliberately indifferent to his resulting serious medical needs.

Claims against all Defendants except Corporal Porter McKnight, the corrections officer who actually sprayed the gas, were dismissed prior to trial. During the course of the trial, the district court dismissed the deliberate indifference claim. The jury returned a verdict in favor of McKnight on the excessive force claim. Peoples timely appealed. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

Peoples contends that the district court erred by dismissing his deliberate indifference claim before all the evidence was presented at trial. A careful review of the pleadings reveals that Peoples did not assert a deliberate indifference claim against McKnight. Because all other Defendants were dismissed from the action prior to trial and Peoples does not challenge their dismissal, we conclude that the

3

district court properly declined to hear evidence on the deliberate indifference claim.

Peoples next argues that the district court failed to properly instruct the jury on excessive force. The court based the instruction given to the jury on Fourth Circuit precedent established by Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994) (en banc), and its progeny. In Norman, we held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Id. at 1263. After Peoples filed his appeal, the Supreme Court overruled Norman, holding that, while the extent of an inmate's injury is relevant in assessing an excessive force claim, the "core judicial inquiry" in an excessive force claim focuses on the nature of the force. Wilkins v. Gaddy, 130 S. Ct. 1175, ___, 2010 WL 596513, at *3 (2010).

Accordingly, we vacate the judgment as it pertains to the excessive force claim against McKnight, and remand for further proceedings in light of Wilkins v. Gaddy. The district court's judgment is affirmed in all other respects. Peoples' motions for appointment of counsel and for preparation of a transcript at Government expense are denied. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
