**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7881**

JAMEY LAMONT WILKINS,

             Plaintiff – Appellant,

        v.

OFFICER GADDY,

             Defendant – Appellee.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 08-10914)

Submitted:  June 3, 2010                Decided:  July 1, 2010

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jamey Lamont Wilkins, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to 42 U.S.C. § 1983 (2006), Jamey Lamont Wilkins, a North Carolina inmate, filed a complaint alleging that Defendant violated his civil rights during an incident that occurred at the Lanesboro Correctional Institution on June 13, 2007. Wilkins claimed that Defendant assaulted him by slamming him onto the ground and punching, kicking, kneeing, and choking him. Wilkins alleged that the assault was made without any provocation and that he sustained a bruised heel, lower back pains, increased blood pressure, migraine headaches, dizziness, and mental anguish.

The district court dismissed Wilkins' complaint for failure to state a claim and denied his Fed. R. Civ. P. 59(e) motion, concluding that his injuries were de minimis. Wilkins v. Gaddy, No. 3:08-cv-00138-GCM, 2008 WL 1782372 (W.D.N.C. Apr. 17, 2008); 2008 WL 4005668 (W.D.N.C. Aug. 25, 2008). The court based its decisions on Fourth Circuit precedent established by Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (holding that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis"). We affirmed on the reasoning of the district court. Wilkins v. Gaddy, 308 F. App'x 696, 697 (4th Cir. 2009) (No. 08-7881).

2

Wilkins petitioned the Supreme Court for a writ of certiorari. The Court granted the petition and recently reversed our judgment, overruling Norman and holding that, although the extent of an inmate's injury is relevant in assessing an excessive force claim, the "core judicial inquiry" focuses on the nature of the force applied. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-80 (2010) (per curiam) (internal quotation marks omitted). Because the basis for the district court's judgment is no longer dispositive of Wilkins' excessive force claim, we vacate the district court's orders and remand this case for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3