NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVERETT LOBERIEST HOLLAND, | No. 09-56613 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01362-MMA-WMC |
| v. | |
| BACH, Sergeant, Calipatria State Prison; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted December 14, 2010[**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

California state prisoner Everett Loberiest Holland appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

excessive force by prison officials.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We vacate and remand.

The district court determined that there was no genuine issue of material fact as to whether defendants inflicted more than "de minimis" injury upon Holland. However, the Supreme Court recently emphasized that the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010). Here, the force Holland alleges is in its nature "malicious" and "sadistic." *See id*. Moreover, there is a triable issue as to whether any defendant used such force, given that there are no witnesses to the incident in question and the notes from a medical examination the following day provide at least limited support for Holland's allegations. *See Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1117-18 (9th Cir. 2009) ("When determining whether a genuine issue of material fact remains for trial, we must view the evidence and all inferences therefrom in the light most favorable to the non-moving party and may not weigh the evidence or make credibility determinations."). Accordingly, we remand for further proceedings consistent with our disposition.

**VACATED and REMANDED.**