[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12869
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-01190-HLA-MCR

WENDALL JERMAINE HALL,

                                                        Plaintiff-Appellant,

versus

JEFFREY K. BENNETT,
Officer,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 23, 2011)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

    Wendall Jermaine Hall, a Florida state prison inmate, appeals the district

court's grant of summary judgment in favor of Officer Jeffrey K. Bennett, an

employee of the Florida Department of Corrections.  After oral argument and review of the record and parties' briefs, we reverse.  The record at this juncture presents a material issue of fact, precluding summary judgment for Officer Bennett.

## I. BACKGROUND

Because we are reviewing the district court's grant of summary judgment to Officer Bennett, we must view the facts in the light most favorable to Hall.  At the time of the alleged incident, Hall was a prisoner at Florida State Prison.[1]  On November 10, 2008, Hall was working as an orderly in one of the prison's wings.  Officer Bennett was monitoring activity in that wing.  Hall approached Officer Bennett and relayed a request from another inmate for some forms.  Further, Hall avers that Officer Bennett (1) took Hall to the shower area, (2) "threatened to kill [Hall]," and (3) proceeded to:

> deliberately[,] maliciously[,] wantonly[,] and sadistically physically beat and punch[] [Hall] repeatedly with his fist in [Hall's] stomach, sides of [Hall's] body, [and] back[.] [Officer Bennett] physically slap[ped] [Hall] in [his] face and spit his saliva in [Hall's] face[. Officer Bennett] stated to [Hall] that [he] was a nigger desserving [sic] of this beating because [he is] black[. Officer Bennett] caused [him] severe physical pain, physical injury[,] and mental anguish, severe depression, repeated vommitting [sic] of blood and severe stomach pain and severe fear of being killed by Officer Bennett, and future harm to [Hall's] health[.]

---

[1]Hall is now confined at a different prison.

After the November 10th alleged incident, Hall filed a formal emergency grievance to the prison warden, alleging physical abuse, racial slurs, and threats by Officer Bennett. Hall dated the grievance November 12, 2008, although the grievance log recorded the grievance as received on November 18, 2008. Officer Bennett vigorously denied all allegations.

On November 16 and 18, 2008, Hall submitted virtually identical Inmate Sick-Call Requests. In the requests, Hall asked for medical care for physical pain to his stomach, back, and chest caused by Officer Bennett's alleged beating.

After Hall sued Officer Bennett under 42 U.S.C. § 1983, Officer Bennett moved for summary judgment. Among other evidence, Officer Bennett submitted his affidavit, which contradicted Hall's sworn version of events. Officer Bennett stated that he had previously ordered Hall not to stand in front of the prison cells and talk to the inmates. However, on November 10, 2008, Officer Bennett observed Hall standing in front of another inmate's cell and talking to him, in violation of the previous order. Because Hall was disobeying his order, Officer Bennett acknowledged that he placed Hall in "cuffs" and secured him in the prison's shower area until the decision was made to return Hall to his own cell. Officer Bennett, however, denied using racial slurs or threats, or physically abusing Hall.

Hall responded with his own motion for summary judgment. In support of his motion, Hall submitted his affidavit, copies of his prison grievance, the prison's responses, a carbon copy of his sick call request from November 18, 2008, and copies of the reports from his November 17 and November 20, 2008 medical examinations.

The district court granted Officer Bennett's motion for summary judgment and denied Hall's motion. The district court, quoting Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007), concluded that Hall's version of the story was "blatantly contradicted by the record, so that no reasonable jury could believe it."

## II. DISCUSSION

We review a district court's grant of summary judgment de novo, considering the facts and drawing reasonable inferences in the light most favorable to the non-moving party. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009). In cases where opposing parties tell different versions of the same events, and one is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." Pourmoghani-Esfahani v. Gee, 625 F.3d 1313, 1315 (11th Cir. 2010) (per curiam) (quoting Scott, 550 U.S. at 380).

4

After review of the record evidence, crediting Hall's affidavit as we must, we conclude that a material issue of fact exists as to whether Officer Bennett physically abused Hall and used racial slurs. In adopting Officer Bennett's version of events, the district court relied in part on Hall's medical records and the lack of documentation of any visible injuries. We recognize that in certain circumstances, a plaintiff's version of events can be blatantly contradicted by videotapes or other overwhelming physical evidence and testimony. See Scott, 550 U.S. at 380, 127 S. Ct. at 1776 (summary judgment appropriate where video evidence "utterly discredited" the plaintiff's version of events); Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1249-50 (11th Cir. 2004) (summary judgment appropriate where multiple affidavits and photographic evidence contradicted one eyewitness's testimony, who had himself earlier given a different account). Here, however, we cannot say the evidence in this particular record rises to the level necessary to deem Hall's sworn account blatantly contradicted. Hall had his blood drawn on November 12 for a thyroid profile, but he was not physically examined. Hall's first physical medical examination occurred on November 13. The November 13 medical report noted that Hall's back pain was in the area of an old wound and that Hall was prescribed ibuprofen for his reported back and chest pain. However, the report does not establish the

extent of the examination or flatly refute Hall's version of the events. As for whether Hall's delay in seeking medical treatment discredits his story, that is an inference for the jury to make. And further, while Hall's medical reports did not note any obvious injuries, we are mindful of the fact that the focus of the inquiry is on the nature of the force applied, not the extent of injury. See Wilkins v. Gaddy, 559 U.S. __, 130 S. Ct. 1175, 1178 (2010) (per curiam).

Simply put, we are left with two competing, contradictory stories of what happened. The district court improperly weighed the witnesses' credibility by favoring Officer Bennett's account over Hall's. We thus vacate the district court's order, dated June 10, 2010, granting summary judgment to Officer Bennett, and remand for further proceedings on Hall's claims.[2]

**VACATED and REMANDED.**

---

[2]We conclude, however, that the district court properly denied Hall's motion for default judgment.