ON REHEARING

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6882

JAMES WILLIAMS,

Plaintiff - Appellee,

v.

L. CALTON,

Defendant – Appellant,

and

B. CALTON; CAPTAIN LKU; TERRY O'BRIEN; LALOUDE, Staff
Counselor; CRUM; SHOEMAKER; CALTON, (brother to B. Calton);
CAMPBELL; DELORES; WILLIS; MR. CHAMBERS; LALONDE,

Defendants.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Glen E. Conrad, Chief
District Judge.  (7:10-cv-00075-GEC-RSB)

Submitted:  December 12, 2013        Decided:  December 19, 2013

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

James J. O'Keeffe, IV, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellant. James Williams, Appellee Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Williams filed a <u>Bivens</u>[1] action against Correctional Officer L. Calton, charging that Calton used excessive force against him during an altercation that occurred in February 2008 while Williams was incarcerated at United States Penitentiary Lee in Jonesville, Virginia. Finding that Calton violated Williams' Eighth Amendment rights, the jury awarded $1000 in compensatory damages to Williams but did not award punitive damages. Pursuant to Fed. R. Civ. P. 50(b), Calton moved for judgment as a matter of law or for a new trial, arguing, as he had in earlier motions, that he was entitled to qualified immunity and that Williams failed to establish that he acted with the malicious and sadistic intent necessary to support an Eighth Amendment claim. The district court denied Calton's motion and Calton appealed, challenging the denial of his Rule 50(b) motion.

Initially, we affirmed the district court's order. Before the mandate issued, however, Calton filed a petition for panel rehearing. While the rehearing petition was pending, this court issued <u>Hill v. Crum</u>, 727 F.3d 312 (4th Cir. 2013). Because <u>Hill</u> constitutes an intervening change in law, we

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

3

granted Calton's petition for panel rehearing.  For the reasons that follow, we vacate the district court's order denying Calton's Rule 50(b) motion, and remand with instructions to enter judgment in favor of Calton.

We review the denial of a Rule 50(b) motion de novo, viewing the evidence in the light most favorable to the prevailing party and affirming the denial of the motion unless the jury lacked a legally sufficient evidentiary basis for its verdict.  Bunn v. Oldendorff Carriers GmbH & Co. GH, 723 F.3d 454, 460 n.4 (4th Cir. 2013).  Viewed in the evidence most favorable to Williams, the evidence showed that when Williams, who was being escorted in restraints, resisted entering a cell, Calton slammed his head into the cell door and then shoved him to the floor.  Williams sustained a "minor" and "superficial" 1.5 inch scalp laceration requiring six staples and a small half- to one-inch abrasion on his back.[2]

In Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994) (en banc), this court held that, "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis."  Id. at

---

[2] Williams' other claims of injury are unsupported by the record.  "While we must construe the evidence in the light most favorable to [Williams], we cannot construe what does not exist."  Hill, 727 F.3d at 323.

4

1263. Three days after Williams filed his initial complaint, however, the Supreme Court handed down Wilkins v. Gaddy, 559 U.S. 34 (2010), abrogating Norman and stating that there was no injury threshold for excessive force claims. However, because "Norman and its progeny were controlling in the Fourth Circuit" when the incident in this case occurred, Williams' excessive force claim and Calton's qualified immunity defense must be analyzed under the standards established by those cases. Hill, 727 F.3d at 322.

We conclude that, under the legal standards in place when the incident occurred, a reasonable officer in Calton's position would not have understood his actions to have violated Williams' constitutional rights. Id. at 321-25. Consequently, Calton is entitled to qualified immunity.

For these reasons, the district court's order denying Calton's Rule 50(b) motion is vacated and the case is remanded to the district court for the entry of judgment in favor of Calton on the basis of qualified immunity. We dispense with oral argument because the facts and law are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED