**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMIEN T. DENNIS, | No. 13-15698 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00591-RCJ-WGC |
| v. | |
| STATE OF NEVADA, DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Chief Judge, Presiding

Submitted June 12, 2014**

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Nevada state prisoner Damien T. Dennis appeals pro se from the district

court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging, among

other claims, excessive force. We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We reverse and remand for further proceedings.

The district court granted summary judgment on Dennis's excessive force claim, concluding that Dennis failed to raise any genuine disputes of material fact. However, Dennis stated in his declaration that defendants repeatedly slammed his face against a wall, took him to the ground, and repeatedly punched the right side of his face, even though he complied with defendants' orders, was handcuffed, and did not resist removal from his cell. Thus, viewing the evidence in the light most favorable to Dennis, Dennis raised a triable dispute as to whether defendants maliciously and sadistically used force against him. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (holding that "the core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm" ); *Furnace*, 705 F.3d at 1026 (a court reviewing a summary judgment motion must "assume the truth of the evidence set forth by the nonmoving party"); *see also Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

Accordingly, we reverse and remand for further proceedings as to this claim.

**REVERSED and REMANDED.**