**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 14-1164
———————

JAMES A. LUCAS,
　　　　　　　　　　　Appellant

v.

WARDEN LEWISBURG USP; LIEUTENANT OFFICER E. STUART;
LIEUTENANT T. HOOPER; LIEUTENANT W. MCFADDEN; A. SASSMAN;
LT.  SCAMPONE; LIEUTENANT P. CARRASQUILLO; LT. T. JOHNSON;
M. SAYLORS; JOHN #4 DOE; LIEUTENANT J. SEEBA; LIEUTENANT C.
MATTINGLY; LIEUTENANT A. GALLETTA; C/O JOHN #1 DOE; C/O JOHN #2
DOE; C/O JOHN #3 DOE; C/O HANEY; C/O DRICK; C/O TANNER;
C/O E. KILPATRICK; C/O B. WERT; G. RDINGER; C/O E. GOOD; C/O G. HICKS;
C/O M. KLINEFELTER; C/O M. WAGNER; C/O C. WEBB; C/O B. PUTZMAN;
C/O K. WHITTAKER; C/O J LESHO; C/O R. LOSS; C/O S. BOOTH; C/O G. WISE;
C/O Z. EDINGER; M. REEVES, Treatment Specialist; H. BIRDSALL, Treatment
Specialist; C/O S. FIGLO; UNIT MANAGER R. ADMIRE; CHAPLAIN M. JONES;
C/O JOHN #5 DOE; C/O JOHN #6 DOE; C/O JOHN #7 DOE; C/O JOHN #8 DOE; C/O
JOHN #9 DOE; C/O R. PACKER; C/O T. BROUSE; S BROWN, Health Services
Administrator; IDC, RN D. DELEON; RN W. BRENNAMAN; EMT B. WALLS; EMT
B. PRINCE; EMT G. GEORGE; EMT L. POTTER; P.A.-C M. PEORIA; P.A.-C J.
HEMPHILL; M.L.P. I. NAVARRO; M.L.P. F. ALAMA; C. ANDERSON; R.
SEGRAVES; K. YAKIO; M. KLINE; B. GASTON; C. FRANTZ; M. FARROW
————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-11-cv-02318)
District Judge:  Honorable John E. Jones III
————————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 10, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit Judges</u>

(Filed: July 29, 2014)
_____

OPINION
_____

PER CURIAM

Pro se litigant James Lucas appeals the District Court's order granting summary judgment to the Defendants. For the reasons set forth below, we will summarily affirm.

Lucas, a federal prisoner, initiated this action in the Middle District of Pennsylvania in December 2011. He alleged excessive use of force and inadequate medical care, both in violation of the Eighth Amendment, by more than 50 defendants associated with the United States Penitentiary in Lewisburg. The Defendants moved for summary judgment, and the Magistrate Judge described five different bases for granting that motion. The District Court adopted the Magistrate Judge's report in its entirety and granted summary judgment to the Defendants on December 30, 2013. Lucas filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's order granting summary judgment is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). Summary judgment is appropriate if the movant demonstrates that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We will

2

summarily affirm the District Court's grant of summary judgment because this appeal presents no substantial question. See I.O.P. 10.6.

The action at bar arises from three separate incidents of prisoner misconduct. In the first incident, correctional officers discovered an 8-inch homemade knife concealed in Lucas's pants. In the second incident, Lucas pulled a correctional officer's arm through the food slot of his cell door. And in the final incident, Lucas had an unknown liquid in his possession and threatened to assault any staff that came near his cell. After each incident, Lucas was placed in ambulatory restraints until he regained self-control and the threat against staff subsided. He claimed that in each case the restraints were applied too tightly and injured his wrists, demonstrating the prison staff's excessive use of force and deliberate indifference to his serious medical needs. The District Court correctly determined that these claims fail.

The central inquiry in considering an excessive-use-of-force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). In determining whether force was applied in good faith, courts consider: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any effort made to temper the severity of the forceful response. Hudson, 503 U.S. at 7.

In their motion for summary judgment, the Defendants provided ample evidence to demonstrate that the restraints were applied in a good-faith effort to restore discipline. Exhibits document Lucas's history of disciplinary infractions at the prison for violent behavior, and the three incidents that triggered the use of restraints involved misconduct that threatened staff safety. In each case, it is clear that the temporary restraints were necessary to limit the threat to staff and to allow Lucas to regain his composure. The Defendants also submitted evidence of the 15-minute and 2-hour checks that were regularly conducted to examine and adjust the fit of the restraints, and to evaluate Lucas's level of self-control. Furthermore, the Defendants demonstrated that the use of restraints was narrowly tailored; once Lucas was calm and the threat against staff had subsided, the restraints were removed.

The Defendants thus successfully made their showing. The burden then shifted to Lucas to produce sufficient evidence from which a reasonable jury could find that the restraints were applied not to restore discipline, but rather to cause him pain. See Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 414 (3d Cir. 1999). After careful examination of Lucas's pleadings and exhibits, it is clear that he did not carry this burden. Nowhere in the record is there evidence indicating that the restraints were applied out of malice rather than to restore discipline. Nor does the evidence show that they were applied too tightly out of malice; exhibits submitted by Lucas himself indicate that the restraints were regularly checked for proper fit, and indeed periodically loosened. And though his pleadings are rife with conclusory assertions that the restraints were "maliciously too-

4

tight," the simple repetition of this phrase does not demonstrate its truth.  See Kirleis v.

Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009) ("[C]onclusory,

self-serving affidavits are insufficient to withstand a motion for summary judgment.").

As we have stated, "[s]ummary judgment in favor of a defendant is not appropriate if it

appears that the evidence, viewed in the light most favorable to the plaintiff, will support

a reliable inference of wantonness in the infliction of pain."  Brooks v. Kyler, 204 F.3d

102, 106 (3d Cir. 2000).  Because the evidence will not support such an inference here,

summary judgment was properly granted to the Defendants on the excessive-use-of-force

claim.

Furthermore, the  District Court did not err in its resolution of Lucas's other

constitutional claim.  Lucas argued that the Defendants were deliberately indifferent to

his serious medical need, thereby violating the Eighth Amendment.  See Estelle v.

Gamble, 429 U.S. 97, 106 (1976).  At the outset, it is questionable whether Lucas's wrist

issue, described in the medical records as "mild," would qualify as a "serious medical

need" in the Eighth Amendment context.  See, e.g., Wesson v. Oglesby, 910 F.2d 278,

284 (5th Cir. 1990) (swollen, bleeding wrists that had allegedly been handcuffed too

tightly do not constitute a "serious medical need").  But even if it did, the record does not

demonstrate that the Defendants were deliberately indifferent to it; indeed, the record is

replete with documents showing the ongoing medical care Lucas was provided.  He was

examined by medical staff at regular intervals while he was in restraints.  To the extent he

experienced discomfort then or afterward, the exhibits show that he was treated by

medical professionals and even referred for outside testing, including via x-ray and electromyogram. Such evidence does not establish deliberate indifference to a serious medical need. See Estelle, 429 U.S. at 107-08. Because the Defendants met their burden of showing adequate medical attention, and because Lucas failed to counter that showing, the District Court was correct to grant summary judgment to the Defendants on the deliberate indifference claim. See Brightwell v. Lehman, 637 F.3d 187, 194-95 (3d Cir. 2011).

There being no substantial question presented on appeal, we will summarily affirm the District Court's judgment. See I.O.P. 10.6. In light of our disposition, Lucas's motion for appointment of counsel is denied as moot.