**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7933**

JESUS ADAN CRUZ RIOS,

                   Plaintiff - Appellant,

          v.

TREMONT VEALE,

                   Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Terrence W. Boyle, District Judge.  (5:13-ct-03143-BO)

Submitted:  April 18, 2016              Decided:  May 18, 2016

Before DUNCAN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jesus Adan Cruz Rios, Appellant Pro Se.  Judith Maria Estevez, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Adan Cruz Rios appeals the district court's order granting Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim and dismissing with prejudice Rios' 42 U.S.C. § 1983 (2012) complaint in which Rios asserted an Eighth Amendment excessive force claim. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

We review de novo the district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6). Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (alteration and internal quotation marks omitted). While a pro se litigant's pleadings are "to be liberally construed," id. at 94 (internal quotation marks omitted), the facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Where, as here, the motion to dismiss involves "a civil rights complaint, we must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Edwards, 178 F.3d at 244 (emphasis and internal quotation marks omitted). "In assessing the complaint's plausibility, we accept as true all the factual allegations contained therein." De'lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013). A complaint thus may proceed "even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (internal quotation marks omitted).

"[T]he Eighth Amendment forbids 'the unnecessary and wanton infliction of pain'" on prisoners by prison officials. Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). The core inquiry in an excessive force case is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21 (internal quotation marks omitted). Thus, a plaintiff states an Eighth Amendment excessive force claim when he alleges that there was an unnecessary application

3

of force, regardless of whether a significant injury resulted therefrom. Wilkins v. Gaddy, 559 U.S. 34, 37-40 (2010).

On this record, we conclude that Rios adequately pled an Eighth Amendment excessive force claim. We accept as true the facts pled in Rios' complaint, see De'lonta, 708 F.3d at 524, and construe them in the light most favorable to Rios, see U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014). With the stage thus set, Rios' complaint alleged as follows. On or about December 8, 2012, Defendant Veale approached Rios' cell to retrieve his meal tray. Veale saw that Rios' arm was in the trap located on his cell door, which is used to receive and return meal trays. While his arm was in the trap, Rios asked to speak with one of Veale's superior officers about the prison's lockdown status. Then, with Rios' arm still in the trap, Veale forcefully closed the trap with his leg, causing Rios to seek medical attention. In our view, these allegations, although brief, are sufficient to state an Eighth Amendment excessive force claim in that they reflect that Veale utilized more than de minimis force in a situation that does not appear to have required any use of force. See Whitley, 475 U.S. at 321. Thus, dismissal of this claim at the pleading stage was premature.

Accordingly, we vacate the district court's judgment dismissing with prejudice Rios' excessive force claim. We

4

remand this case for further proceedings consistent with this opinion but express no opinion about the merits of Rios' claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

5