**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6509**

ARTHUR TAYLOR, JR.,

　　　　　Plaintiff – Appellant,

　　　v.

PULLIAM, Correctional Officer; S. FULLER,

　　　　　Defendants – Appellees,

　　　and

DEPARTMENT OF CORRECTIONS; HENDERSON, Correctional Officer;
DR. WANG; C. MAYES; C. A. MANIS; SPECIAL AGENT CRAIG
O'DER; MAJOR THOMAS MEYER; PATRICIA JONES, R.N.; BARRY
CRANE; JOHN DOE, The Medical Administrator of Green Rock,

　　　　　Defendants.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. Jackson L. Kiser, Senior
District Judge. (7:14-cv-00641-JLK-RSB)

Submitted: December 2, 2016　　　Decided: February 10, 2017

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Arthur Taylor, Jr., Appellant Pro Se. Margaret Hoehl O'Shea, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Taylor, Jr., appeals the district court's orders dismissing in part his complaint, granting in part Defendants' motion for summary judgment, and entering judgment in favor of Defendants David Pulliam and Stephen Fuller ("Trial Defendants") following a jury verdict in their favor. Taylor filed suit against Trial Defendants and others pursuant to 42 U.S.C. § 1983 (2012), alleging excessive use of force, denial of meaningful medical care, assault and battery, and denial of protections under the Americans with Disabilities Act and the Rehabilitation Act. All claims and Defendants were dismissed prior to trial, with the exception of Taylor's claim against Trial Defendants for excessive use of force in violation of the Eighth Amendment.

Giving liberal interpretation to Taylor's informal brief, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Taylor argues that his civil rights were violated by various Defendants, and he argues that the jury's verdict was against the weight of the evidence. Taylor also argues that his Sixth Amendment and Due Process Clause rights were violated by the district court's refusal to appoint counsel. Finally, Taylor contends that the district court erred in refusing to allow him to (1) present photographic evidence of his injuries, and (2) have witnesses testify at trial.

As to Taylor's first argument, he alleges no specific error in the district court's determination that several of his claims were insufficient to survive summary dismissal or a motion for summary judgment, and that Taylor's claim against Doctor Lawrence Wang should be dismissed for failure to prosecute. Having failed to allege any error in the district court's substantive conclusions, Taylor has waived review of those determinations. See 4th Cir. R. 34(b); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009). Furthermore, to the extent that Taylor seeks to challenge the jury's verdict as being against the weight of the evidence, he failed to file a postjudgment motion pursuant to Federal Rule of Civil Procedure 50 or 59(a)* within 28 days of the judgment. Accordingly, Taylor's challenge to the jury's verdict is foreclosed. Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 153-60 (4th Cir. 2012).

Regarding Taylor's argument that his Due Process Clause and Sixth Amendment rights were violated by the district court's denial of his motion to appoint counsel, civil litigants have no constitutional right to counsel, and a district court's refusal

---

* Under Rule 59(a), "the district court must set aside the verdict and grant a new trial if . . . the verdict is against the clear weight of the evidence." Minter v. Wells Fargo Bank, N.A., 762 F.3d 339, 346 (4th Cir. 2014) (internal quotation marks and brackets omitted).

4

to appoint counsel is reviewed only for abuse of discretion. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). A district court should appoint counsel if "a pro se litigant has a colorable claim but lacks the capacity to present it." Id. The record establishes that Taylor was capable of adequately presenting his claims, and we therefore conclude that the district court did not abuse its discretion in denying his motion to appoint counsel.

Finally, Taylor argues that the district court erred by not allowing him to present photos or witnesses to the jury. At trial, Taylor attempted to introduce photos of his injuries to the jury, but the district court excluded the photos on the ground that Taylor failed to disclose the evidence prior to trial. The court likewise informed Taylor that he could not present witnesses because he failed to present a witness list prior to trial.

"We review for an abuse of discretion both the district court's finding of a disclosure violation and its decision to exclude evidence as a discovery sanction." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396 (4th Cir. 2014).

> Pursuant to Federal Rule of Civil Procedure 37, a party who fails to comply with the disclosure requirements of Rule 26(a) . . . is not allowed to use

5

> that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Id. (internal quotation marks and ellipses omitted). In determining whether evidence should nevertheless be admitted, courts consider the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence

Id. at 396-97.

After thoroughly reviewing the record, we conclude that the five factors weigh in favor of excluding any witness testimony that Taylor intended to present.

In contrast, although the five factors may have weighed in favor of admitting Taylor's photographic evidence, we find that the court's decision to exclude the photographs constitutes harmless error. See Bank of Montreal v. Signet Bank, 193 F.3d 818, 834 (4th Cir. 1999) (applying harmless error analysis to decision to exclude evidence in a civil case). To prove the use of excessive force in violation of the Eighth Amendment, Taylor was required to demonstrate that "the prison official acted with a sufficiently culpable state of mind (subjective component) and . . . the injury inflicted . . . was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th

6

Cir. 2008). The core inquiry rests on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). The extent of injury suffered may be relevant to whether the force was necessary and indicative of the amount of force applied. Wilkins v. Gaddy, 559 U.S. 34, 37–38 (2010).

In this case, however, the proffered evidence, photographs of Taylor's injuries, was not relevant to whether Trial Defendants applied force in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm. The only evidence introduced on that issue was the testimony of Taylor, Fuller, and Pulliam, the only individuals present when force was applied, who all gave the same account: Taylor suffered an injury to his arm while being handcuffed by the correction officers. Notably, Taylor never testified that the extent of his injuries was different from what was described by the Trial Defendants. Accordingly, photographs of Taylor's injuries would have no relevance to the credibility of those witnesses or whether the Trial Defendants acted maliciously or sadistically to cause Taylor's injuries. The exclusion of the photographs therefore did not affect the outcome of the trial.

Accordingly, we affirm the district court's orders and judgment. We dispense with oral argument because the facts and

7

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED