**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-6570**

_____

QUENTIN FREEMAN,

               Plaintiff - Appellant,

     v.

TRAVIS COLEY,

               Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-ct-03238-FL)

_____

Submitted:  April 30, 2021                     Decided:  May 18, 2021

_____

Before NIEMEYER, WYNN, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Quentin Freeman, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Freeman, a North Carolina inmate, brought this action pursuant to 42 U.S.C. § 1983, claiming that Travis Coley, a correctional officer, used excessive force against him in violation of the Eighth Amendment. Freeman now appeals the district court's order granting Coley's motion for summary judgment. We affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We will uphold the district court's grant of summary judgment unless we find that a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (4th Cir. 2018).

Excessive force claims brought by convicted prisoners are governed by the Eighth Amendment's prohibition against cruel and unusual punishment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). Such claims "involve[] both an objective and a subjective component. The objective component asks whether the force applied was sufficiently serious to establish a cause of action." *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). We agree with the district court that Freeman satisfied the objective component when he alleged that Coley applied "something more than de minimis force." *Id.* (internal quotation marks omitted).

With respect to the subjective component, Freeman must establish that Coley acted with "wantonness in the infliction of pain," which "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 112-13 (internal quotation marks omitted). "The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers*, 475 U.S. 312, 319 (1986), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Rather, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement . . . or restoring official control over a tumultuous cellblock." *Whitley*, 475 U.S. at 319. Further, "we owe officers wide-ranging deference in their determinations that force is required to induce compliance with policies important to institutional security." *Brooks*, 924 F.3d at 113 (internal quotation marks omitted).

"We evaluate whether [a prison official] acted maliciously or wantonly by applying a non-exclusive, four-factor balancing test." *Thompson v. Virginia*, 878 F.3d 89, 99 (4th Cir. 2017) (internal quotation marks omitted). These factors include:

> (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) "any efforts made to temper the severity of a forceful response."

3

*Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Whitley*, 475 U.S. at 321). The ultimate question is "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321. After analyzing the relevant factors, we conclude that the district court properly determined that, viewing the evidence in the light most favorable to Freeman, no reasonable jury could find, under the totality of the circumstances, that Coley acted maliciously or wantonly for the purpose of causing harm.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*