NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNIQUI BRADLEY, | No. 23-15417 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02077-KJD-NJK |
| v. | |
| RACQUEL L. MCCARTER | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 3, 2024**
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Plaintiff-Appellant Uniqui Bradley appeals the district court's order

screening her complaint under the Prison Litigation Reform Act and the district

court's order granting summary judgment in favor of Defendant-Appellee

Correctional Officer Racquel McCarter. We review de novo rulings on summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment motions, *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008), and dismissals under 28 U.S.C. § 1915(e), *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Bradley argues that the district court erred in granting Officer McCarter's motion for summary judgment on her excessive force claim. When determining whether an officer used excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citation omitted). To determine if the force used was malicious and sadistic, we apply a five-factor test, examining: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (citation omitted).

The district court correctly granted summary judgment on the excessive force claim. The extent of injury weighs strongly in favor of Officer McCarter because, at most, Bradley experienced minor bruising. *See id.* (prisoner's injuries were "relatively minor," consisting of "dog bites to his left leg, abrasions to his

2

head and face, and bruising on his upper right thigh" with "no lasting complications").

The remaining proportionality factors also weigh in Officer McCarter's favor. It is undisputed that Bradley engaged in a verbal altercation with another inmate, was agitated, and also swore at Officer McCarter. Officer McCarter was also "substantially outnumbered" by other prisoners. *Felarca v. Birgeneau*, 891 F.3d 809, 818 (9th Cir. 2018) (citation omitted) (concluding police had interest in using minimal force on protesters when the protesters substantially outnumbered the police). Even if we accept that Bradley was choked and kneed for a short period of time, Officer McCarter's use of force was not malicious or sadistic given Bradley's hostility, the quickly developing situation, and the surrounding environment crowded with inmates. *See Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) ("When weighing the merits of excessive force claims . . . prison staff should be 'accorded wide-ranging deference[.]'" (bracketed alteration in original) (citation omitted)). Therefore, the five factors weigh in favor of Officer McCarter, and the district court correctly granted summary judgment on this claim.

2. Bradley next argues that the district court erred in dismissing, in part, her claim for First Amendment retaliation at screening, and entering summary judgment on the remainder of that claim. A viable First Amendment Retaliation

3

claim in the prison context requires showing the following elements: "(1) [the inmate] engaged in constitutionally protected activity; (2) as a result, [the inmate] was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Moore v. Garnand*, 83 F.4th 743, 750 (9th Cir. 2023) (citation omitted).

The district court correctly dismissed, in part, the First Amendment retaliation claim and correctly entered summary judgment in Officer McCarter's favor on the remainder of that claim. It is undisputed that, shortly after asking Officer McCarter for a grievance and a meal, Bradley received a meal and a grievance form, which she submitted. This short-term deprivation of a meal and grievance form is the type of minimal harm that is insufficient to chill a person of ordinary firmness from exercising her First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 568–69 (9th Cir. 2005) ("[T]he proper First Amendment inquiry asks whether an official's acts would chill *or* silence a person of ordinary firmness from future First Amendment activities." (citation and quotation marks omitted)); *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) ("[H]arm that is *more* than minimal will almost always have a chilling effect." (citation omitted)

(emphasis added)).[1]  Therefore, the district court correctly dismissed, in part, her

First Amendment retaliation claim at screening, and entered summary judgment on

the remainder of that claim.

**AFFIRMED.**

---

[1] The case caption, listing both "Racquel L. McCarter" and the "State of Nevada" as Defendants, is incorrect.  The Clerk is **ORDERED** to remove the "State of Nevada" as a Defendant.