**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-6521

_____

WAYNE BOONE,

               Plaintiff - Appellant,

       v.

M. STALLINGS, Officer; J. TART, Officer; S. A. MURRAY,
Officer; K. CORTEZ, Nurse; CALVIN JONES; FRANK BISHOP,
Warden,

               Defendants – Appellees,

     and

BOBBY P. SHEARIN, Warden,

               Defendant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, Chief District
Judge.  (8:13-cv-01135-DKC)

_____

Submitted:  August 29, 2014     Decided:  September 11, 2014

_____

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Wayne Boone, Appellant Pro Se.  Stephanie Judith Lane-Weber,
Assistant Attorney General, Baltimore, Maryland, Gina Marie

Smith, MEYERS, RODBELL & ROSENBAUM, PA, Riverdale, Maryland, for
Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Boone, a Maryland state prisoner, appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2012) complaint, alleging, among other claims, that Officers Michael Stallings, Joshua Tart, and Shawn Murray subjected him to unconstitutionally excessive force. For the reasons that follow, we affirm in part, vacate in part, and remand the case for further proceedings.[*]

We review a district court's grant of summary judgment de novo, drawing "reasonable inferences in the light most favorable to the non-moving party." Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal

---

[*] We find that Boone timely filed his informal brief and deny the motion to dismiss the appeal. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that prisoner's notice of appeal deemed filed on date he delivered it to prison officials for mailing to court).

the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Id.

In a claim for excessive application of force, a prisoner must meet a heavy burden to satisfy the subjective component—that prison officials applied force "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010). In determining whether a prison official has acted with "wantonness in the infliction of pain," Whitley, 475 U.S. at 322, courts should consider the

4

necessity for the application of force; the relationship between the need for force and the amount of force used; the extent of the injury inflicted; the extent of the threat to the safety of the staff and other prisoners, as reasonably perceived by prison officials based on the facts known to them at the time; and the efforts, if any, taken by the officials to temper the severity of the force applied. Hudson v. McMillian, 503 U.S. 1, 7 (1992). The objective component of an excessive force claim is not nearly as demanding, however, because "[w]hen prison officials maliciously and sadistically use force to cause harm, . . . contemporary standards of decency always are violated[,] whether or not significant injury is evident." Wilkins, 130 S. Ct. at 1178 (internal quotation marks omitted).

After reviewing the record, we conclude that two material facts are in dispute. First, the parties dispute whether Officer Murray deployed the pepper spray before or after the application of the handcuffs. Our precedent establishes that the use of pepper spray on a docile prisoner could qualify as excessive force. See Iko v. Shreve, 535 F.3d 225, 239-40 (4th Cir. 2008) (finding genuine issue of material fact when prison guard deployed several bursts of pepper spray on docile prisoner); Williams, 77 F.3d at 763 (providing that "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas, or other chemical agents, in quantities greater

than necessary or for the sole purpose of infliction of pain" (internal quotation marks omitted)). Thus, if a jury were to believe Boone's allegation that he was on the ground, already restrained in handcuffs when Officer Murray deployed the pepper spray, the jury could conclude that Boone was subjected to unconstitutionally excessive force.

Next, the parties dispute whether Boone assaulted Officer Stallings and Nurse Cortez. We conclude that whether Boone committed the assaults is material to the question of whether the amount of force used was excessive. A jury could find that the amount of force used by the officers was not justified if they accepted Boone's allegations that he was not acting belligerently and that the officers beat him and deployed pepper spray for some other reason than to maintain or restore discipline—for example, in retaliation for using vulgar language. Alternatively, if Boone pinned Officer Stallings to the wall and punched him repeatedly, as the officers claim, then a jury could deem the amount of force used appropriate. Thus, we conclude that whether Boone assaulted Nurse Cortez and Officer Stallings qualifies as a genuine dispute of material fact that must be resolved at the trial court level.

In sum, because the record does not clearly establish whether the officers acted "maliciously and sadistically for the very purpose of causing harm" or "in a good faith effort to

6

maintain or restore discipline," Whitley, 475 U.S. at 320-21 (internal quotation marks omitted), we conclude that summary judgment was not properly entered on Boone's excessive force claims against Officers Stallings, Tart, and Murray.

In reaching this conclusion, we of course in no way condone Boone's use of vulgar language and refusal to submit to handcuffs. Although Boone's transgressions were clear, the Eighth Amendment does not permit a correctional officer to respond to a misbehaving inmate in kind. While the officers were certainly justified in applying the amount of force necessary to restrain Boone in handcuffs, Boone has marshaled enough evidence that, if his version of events was to be believed, a jury could conclude that the officers' response to his conduct was excessive and retaliatory rather than made in a good faith effort to maintain discipline. While we express no opinion about the ultimate merits of Boone's contentions, we conclude that the district court prematurely entered summary judgment on Boone's excessive force claims against the officers.

Accordingly, we vacate and remand for further proceedings the portion of the district court's order granting summary judgment on Boone's claims that the officers violated the Eighth Amendment by subjecting him to excessive force. We affirm the district court's judgment in all other respects. We dispense with oral argument because the facts and legal

7

contentions are adequately presented in the material before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>