**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-7856**

———————

MARCUS DALE THOMAS,

        Plaintiff - Appellant,

    v.

M. YOUNCE, Unit Manager; A. MULLIN, LT; Building (LT) A; D.
BARTON, SGT, Building (SGT) A,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   James P. Jones, District
Judge.  (7:14-cv-00510-JPJ-RSB)

———————

Submitted:  May 29, 2015         Decided:  June 16, 2015

———————

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————

Marcus D. Thomas, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Dale Thomas, a Virginia inmate, filed a 42 U.S.C. § 1983 (2012) complaint alleging that Defendant prison officials were deliberately indifferent to a substantial risk of serious harm when they ignored a doctor's order directing that he be assigned to a bottom bunk on the bottom tier for one year. As a result of this deliberate indifference, Thomas alleged that he fell down the stairs and injured his knee. Thomas sought compensatory damages and, later, filed a motion for a preliminary injunction. The district court denied the motion for a preliminary injunction and dismissed the complaint sua sponte for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1) (2012). The court found that Thomas had not established that Defendants' deliberate indifference was the cause of his injury or that the injury was sufficiently serious to support a claim. Thomas appeals the district court's order denying his motion for a preliminary injunction and dismissing his complaint and the order denying his motion for reconsideration. We affirm in part, vacate in part, and remand for further proceedings.

We review de novo a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A, accepting all well-pled factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving

party.  Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005).  While a pro se plaintiff's pleadings are to be liberally construed, id. at 252, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

The Eighth Amendment's prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned."  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  "Prison officials are, therefore, obligated to take reasonable measures to guarantee inmate safety."  Makdessi v. Fields, ___ F.3d ___, ___, 2015 WL 1062747, at *5 (4th Cir. Mar. 12, 2015).  "For a claim based on a failure to prevent harm, the [prisoner] must [first] show that he was incarcerated under conditions posing a substantial risk of serious harm."  Id. (internal quotation marks omitted).  Next, the prisoner must establish that the prison official had "a sufficiently culpable state of mind," that is, "deliberate indifference to [the] inmate['s] health or safety."  Id. (internal quotation marks omitted).

A prison official "is deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] knows of and disregards the risk."  Parrish ex rel. Lee v.

3

Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (internal quotation marks omitted).  However, "prison officials may not simply bury their heads in the sand and thereby skirt liability" by claiming that they were not aware of the risk.  Makdessi, ___ F.3d at ___, 2015 WL 1062747, at *6.  Finally, the prisoner must establish that the prison official's deliberate indifference caused his injury.  See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (stating elements of deliberate indifference to substantial risk of serious harm claim).

Thomas alleged that, after he showed Younce the doctor's order for the special bunk assignment on at least two occasions, Younce refused to move him to a bottom bunk on the bottom tier.  Instead, Younce told Thomas that he did not have time to change Thomas' bunk assignment and gave him the choice of staying in the top tier cell or being moved to segregation.  It could be reasonably inferred from Thomas' complaint that Younce deliberately denied Thomas' request to be moved to a bottom bunk on the bottom tier, in contravention of the doctor's order.  To silence Thomas' complaints, Younce threatened to place him in segregation if he did not agree to stay in the top tier cell.  Accepting these allegations as true, as we must, we conclude that Thomas alleged sufficient facts to demonstrate that Younce

4

was deliberately indifferent to a substantial risk of serious harm to Thomas.[*]

We also conclude that the district court erred by finding that Thomas placed himself at risk by not accepting Younce's offer to be moved to segregation. Thomas did not voluntarily place himself at risk; rather, he refused Younce's objectionable offer to place him in segregation (presumably without committing an infraction) in lieu of his staying on the top tier, where he faced a substantial risk of serious injury. The court also erred by concluding that Thomas stated no facts to support the allegation that his medications played any role in causing his fall, as Thomas specifically alleged that he was still sedated from his medication when he caught his shower shoe on the stair and fell. Finally, the court erred by finding that Thomas could not state a claim because he failed to show that the injury to his knee was serious. While "evidence of a serious or significant physical or emotional injury resulting from the challenged conditions" may aid a prisoner in making his case, Shakka v. Smith, 71 F.3d 162, 166 (internal quotation marks omitted), a prisoner only need "show that he was incarcerated under conditions posing a substantial risk of

---

[*] Of course, Younce is free to dispute these allegations and raise legal challenges to Thomas' complaint in a motion to dismiss or for summary judgment.

5

serious harm." Makdessi, ___ F.3d at ___, 2015 WL 1062747, at *5; cf. Wilkins v. Gaddy, 559 U.S. 34, 38-39 (2010) (holding that there is no de minimis injury threshold for excessive force claim because focus is on prevention of prison officials' malicious and sadistic use of force). Although Thomas may have suffered a relatively minor injury to his knee, the risk of more significant harm from a fall down the stairs (or out of an upper bunk) is obvious.

Accordingly, we vacate the portion of the district court's orders dismissing Thomas' claim that Younce exhibited deliberate indifference to a substantial risk of serious harm when Younce ignored a doctor's order directing that Thomas be assigned to a bottom bunk on the bottom tier for one year. However, we find no error in the district court's dismissal of the claims against the remaining Defendants and the court's denial of Thomas' motion for a preliminary injunction. Accordingly, we affirm those portions of the district court's orders.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED