# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2016

Lyle W. Cayce
Clerk

No. 15-40947

MARIA DEL REFUGIO ESCAMILLA, Individually and as representative of and on behalf of the Estate of Rafael Solis, Sr., Deceased; ALMA GAYTAN GONZALEZ, as next friend of R.E.S. and J.E.S., minor children,

Plaintiffs - Appellees

v.

JOEL JORGE CAVAZOS; GERARDO GONZALEZ; ROLANDO CANTU; JOHN JIMENEZ; RAMIRO RENDON; CARLOS DIAZ; JUAN ROQUE,

Defendants - Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CV-13

Before DAVIS, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Rafael Edgardo Solis, Sr. died in pretrial custody at the Webb County Jail. The plaintiffs brought suit alleging the defendants, a group of Webb County jailors, caused Solis's death by applying excessive force in violation of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40947

the Fourteenth Amendment.  The defendants now seek to appeal the district court's order denying summary judgment.

The defendants claim that we have jurisdiction over the district court's denial of summary judgment based on qualified immunity, pursuant to 28 U.S.C. § 1291.  While we generally lack jurisdiction over a denial of summary judgment, we can immediately review a denial based on qualified immunity. *See Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004).

The defendants' claim is unavailing.  The defense of qualified immunity was not properly presented to the district court.  The defendants argue they raised qualified immunity by arguing they acted in good faith.  The defendants confuse the *good faith* standard in excessive force determinations with a defendant's burden to plead *good faith* as part of a qualified immunity defense. *Compare Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (*good faith* in excessive force claims), *with Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (*good faith* in qualified immunity).

Regardless, the district court did not rule on qualified immunity. Accordingly, we lack appellate jurisdiction at this time.

DISMISSED.