**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6117**

JEAN BERNARD GERMAIN,

       Plaintiff - Appellant,

    v.

WEXFORD HEALTH SOURCES, INC.; AUTUMN DURST; KRISTI CORTEZ;
JANE DOE #2, RN; RICHARD RODERICK; WARDEN BOBBY P. SHEARIN;
CARLA BUCK; LIEUTENANT MCALPINE; LIEUTENANT CROSS; SERGEANT
G. FORNEY; CORPORAL J. WILT; OFFICER CHRISTOPHER PRESTON;
OFFICER JEREMY WOLFORD,

       Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. J. Frederick Motz, Senior District
Judge. (1:13-cv-00382-JFM)

Submitted: July 18, 2016        Decided: November 7, 2016

Before Chief Judge GREGORY, and WYNN and DIAZ, Circuit Judges.

Affirmed in part, vacated and remanded in part by unpublished
per curiam opinion.

Jean Bernard Germain, Appellant Pro Se. Gina Marie Smith,
MEYERS, RODBELL & ROSENBAUM, PA, Riverdale, Maryland; Stephanie
Judith Lane-Weber, Assistant Attorney General, Baltimore, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean Paul Germain appeals the district court's orders granting summary judgment to the Defendants and dismissing his 42 U.S.C. § 1983 (2012) complaint. We affirm in part, vacate in part, and remand.

Germain claimed that the Defendants were deliberately indifferent to his medical needs and engaged in cruel and unusual punishment. We review de novo a district court's order granting summary judgment. D.L. ex rel. K.L. v. Balt. Bd. of Sch. Comm'rs, 706 F.3d 256, 258 (4th Cir. 2013). "Summary judgment is appropriate only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Id. "In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences, in the light most favorable to the non-moving party." Id. However, conflicting evidence will prevent summary judgment only if it creates a "genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

We have reviewed the record and conclude that the district court properly granted summary judgment to the Defendants on all of Germain's claims except Germain's claim that Lieutenant McAlpine, Officer Preston, and Officer Wolford engaged in cruel and unusual punishment as they forcibly removed Germain from his cell. Germain claims that Preston beat him on his head and

2

face, knocking a tooth loose, and that either Wolford or McAlpine twisted his right foot, causing severe pain.

"[T]he Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials . . . [,] forbid[ding] 'the unnecessary and wanton infliction of pain.'" Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010)). In a case such as this, the question is whether the force "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21 (internal quotation marks omitted).

We observe that neither Preston, Wolford, nor McAlpine addressed Germain's claim that, during the cell extraction, he was punched in the face, knocking a tooth loose, and had his right foot twisted in such a way to cause severe pain. The Defendants did not refute the claim or show that the use of such force was justified under the circumstances.[*] In light of the fact that these three Defendants failed to address this particular claim, we are compelled to vacate that part of the

---

[*] We note that the record conclusively shows that the Defendants' use of pepper spray was not cruel and unusual punishment and Germain was not denied a decontamination shower.

3

court's order addressing this claim and remand for further proceedings.

Finally, we have considered Germain's claims that he was denied due process and that the district court abused its discretion granting appointed counsel's motion to withdraw, denying Germain's subsequent motion to appoint counsel, and denying his motion for recusal, and find these claims are without merit.

Accordingly, we affirm in part, and vacate in part, and remand that part of the district court's order granting summary judgment to Preston, Wolford, and McAlpine on the issue of whether they engaged in cruel and unusual punishment while they were removing Germain from his cell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

4