

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER FUGAWA, | No. 15-16223 |
| Plaintiff-Appellant, | D.C. No.<br>1:11-cv-00966-LJO-SKO |
| v. | |
| L. DEARMOND, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted March 12, 2018
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,[**] District Judge.

The district court improperly granted summary judgment to Officer L. DeArmond on plaintiff Peter Fugawa's Eighth Amendment claim under 42 U.S.C. § 1983. Construing the evidence in the light most favorable to Fugawa, a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

reasonable jury could conclude that Officer DeArmond attempted to slam Fugawa's face into the ground for the purpose of maliciously and sadistically causing harm, rather than in a good-faith effort to gain compliance with a lawful order. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

Crediting Fugawa's account of the events, a reasonable jury could infer that Officer DeArmond was threatening to inflict unnecessary pain and suffering when he told Fugawa, right before sweeping his legs out from under him, "I'm going to slam your face into the ground if you don't go into that cell." That inference is bolstered by the fact that, again on Fugawa's account, Officer DeArmond's partner said, in response to DeArmond's alleged threat, "That's not necessary." And a reasonable jury could conclude from the record evidence that, at the time, Fugawa was engaged in minimal resistance and posed a minimal threat, given that his hands were cuffed behind his back and an officer was gripping each arm. From these facts, among others, a reasonable jury could conclude that Officer DeArmond used force "'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (per curiam) (quoting *Hudson*, 503 U.S. at 7).

It is true, as Officer DeArmond points out, that Fugawa's injuries were not severe. But a reasonable jury could find from the record evidence that this was

largely due to the fortuitous intervention of Officer DeArmond's partner, who partially broke Fugawa's fall after DeArmond executed the leg sweep. And the core focus of the analysis under the Eighth Amendment is the nature of the force used, not the extent of the injury. *Id*. at 39.

If the jury accepts Fugawa's version of events, Officer DeArmond will not be entitled to qualified immunity. Since *Hudson*, a person serving a term of incarceration has had a clearly established right not to have his face slammed into the ground for the purpose of maliciously and sadistically causing harm. *See Hudson*, 503 U.S. at 9 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident."); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). Officer DeArmond, of course, disputes that he deployed force for that purpose, but whether he acted for the purpose of inflicting unnecessary pain and suffering or instead in a good-faith effort to maintain or restore discipline is an issue the jury must resolve. The main case Officer DeArmond cites, *Shafer v. County of Santa Barbara*, 868 F.3d 1110 (9th Cir. 2017), is readily distinguishable, for there the officer used a leg sweep to gain custody of a non-compliant suspect. Here, Fugawa was already in handcuffs with

a guard gripping each arm when Officer DeArmond executed the leg sweep that sent Fugawa's face to the ground.

Because resolution of Fugawa's state-law negligence and battery claims turns on whether Officer DeArmond used excessive force, a question the jury must resolve, we reverse the district court's grant of summary judgment on these claims as well.

**REVERSED and REMANDED.**