**REVISED August 6, 2018**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2018

Lyle W. Cayce
Clerk

DURWIN ABBOTT,

> Plaintiff - Appellant

v.

PERCY BABIN, Captain; TYRONE KILBOURNE, Master Sergeant,

> Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-505

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Durwin Abbott, Louisiana prisoner # 316843, challenges the district court's failure to grant a new trial, contesting an instruction and the jury-verdict form for his excessive-force and negligence action against two correctional officers at Dixon Correctional Institute.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30514

Abbott pursued this action under 42 U.S.C. § 1983 and Louisiana state law, claiming Captain Percy Babin and Master Sergeant Tyrone Kilbourne, *inter alia*, used excessive force against him in violation of his Eighth Amendment rights.  More specifically, Abbott alleged Captain Babin ordered a "shake down" of, and repeatedly punched, Abbott, and Master Sergeant Kilbourne placed Abbott in a chokehold.  The officers' summary-judgment motions were denied, and this action proceeded to a jury trial.

At the close of the evidence, the court held a jury-instruction conference under Federal Rule of Civil Procedure 51(b)(2).  At that conference, Abbott requested the inclusion of the terms "unnecessary force" and "corporal punishment" in the definition of "excessive force"; the court granted the request for its instruction but did not include those terms in the jury-verdict form.  The following morning, Abbott expressed concern over the terms' not being included in the jury-verdict form.  Nevertheless, after the court gave Abbott permission to include the terms in closing argument, Abbott stated he was "okay with just leaving it as excessive force".

Adhering to our circuit's pattern jury instructions, the jury-verdict form contained separate interrogatories for excessive force, negligence, qualified immunity, and damages.  Question one asked whether Captain Babin and Master Sergeant Kilbourne used excessive force against Abbott; question two, whether Abbott "suffered some harm as a result of [d]efendant[s'] . . . use of force".  The jury was to answer the questions on qualified immunity and damages only if it answered "yes" to questions one and two.

After the jury returned a verdict, the court, *sua sponte*, determined the jury erred in failing to answer the questions concerning Abbott's negligence claim.  At that time, Abbott objected to the verdict form's not allowing the jury to answer the question on nominal and punitive damages if the jury answered

"no" to either question one or two.  The court overruled the objection, ruling the verdict form was correct because, in order to prove an Eighth Amendment violation and receive any damages, Abbott was required to show some harm as a result of the excessive force.

The jury answered "yes" to question one as to Captain Babin but "no" to question two, finding Captain Babin, but not Master Sergeant Kilbourne, used excessive force, but Abbott did not suffer any harm.  Regarding the negligence claim, the jury found that Captain Babin and Master Sergeant Kilbourne failed to exercise reasonable care, but that their actions did not cause Abbott's injuries.  Following the guidance by the jury-verdict form, the jury did not reach the issue of damages.

The court denied Abbott's new-trial motion.  Abbott claims the court erred in denying that motion because the court:  did not include the terms "unnecessary force" and "corporal punishment" in question one of the jury-verdict form; and did not allow the jury to award nominal or punitive damages unless it found Abbott suffered "some harm" as a result of the excessive force.

This court generally reviews challenges to jury instructions for abuse of discretion, "affording the trial court substantial latitude in describing the law to the jurors", *Jimenez v. Wood Cty.*, 660 F.3d 841, 844–45 (5th Cir. 2011) (en banc); but unpreserved challenges are reviewed only for plain error, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012); *Highlands Ins. Co. v. Nat'l Union Fire Ins. Co.*, 27 F.3d 1027, 1032 (5th Cir. 1994).  Under the plain-error standard, Abbott must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct such reversible plain error, but

generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

In the ordinary case, Abbot would have waived his objection to the non-inclusion of the terms "unnecessary force" and "corporal punishment" in the jury-verdict form by his withdrawing the objection. *E.g.*, *United States v. Musquiz*, 45 F.3d 927, 931–32 (5th Cir. 1995). But, in ruling on Abbott's motion for a new trial, the district court instead reviewed the claimed error under the plain-error standard. Assuming Abbott did not waive his objection, his claim fails under that standard. *E.g.*, *Puckett*, 556 U.S. at 135.

Along that line, any error was not clear or obvious, because, *inter alia*, question one of the verdict form was essentially identical to this circuit's pattern jury instruction, which does not include the terms "unnecessary force" and "corporal punishment". Fifth Circuit Pattern Jury Instruction (Civil) § 10.7A (2014). Further, in its instructions, the court had included "corporal punishment" and "unnecessary force" in defining "excessive force".

For his second claimed error, Abbott did not timely object to the verdict form's not permitting the jury to reach the damages issue unless it found both excessive force and "some harm" as a result of such force. An objection to a jury instruction is timely if made: when the court gives each party an opportunity to object before closing arguments; or after such time if "a party was not informed of an instruction . . . and the party objects promptly after learning that the instruction . . . will be, or has been given". Fed. R. Civ. P. 51(c). The court gave Abbott an opportunity to object to question one before closing arguments, but Abbott objected only after the jury returned its first verdict. Therefore, review is again only for plain error. *E.g.*, *Jimenez*, 660 F.3d at 844–45.

No. 17-30514

Abbott has not shown the verdict form's requiring "some harm" before damages could be awarded constituted the requisite clear or obvious error. *Puckett*, 556 U.S. at 135.  First, our court has noted the "powerful interests in orderliness and finality" compelling deferential review of unpreserved jury-instruction errors:  "Few jury charges in cases of complexity will not yield 'error' if pored over, long after the fact . . . —if such an enterprise is to be allowed".  *Highlands Ins. Co.*, 27 F.3d at 1032.  Second, as discussed *supra*, the court copied questions one and two *verbatim* from this circuit's pattern jury instructions.  Fifth Circuit Pattern Jury Instruction (Civil) § 10.7A (2014); *e.g.*, *United States v. Andaverde-Tinoco*, 741 F.3d 509, 516 (5th Cir. 2013) (alleged jury-charge error was not "clear or obvious" when it was "almost identical to the charge found in the . . . Pattern Jury Instructions").

Finally, it is not clear or obvious that "some harm" is not an element of an excessive-force claim under the Eighth Amendment.  *Puckett*, 556 U.S. at 135.  Although the Supreme Court in *Hudson v. McMillian*, 503 U.S. 1, 5–9 (1992), and *Wilkins v. Gaddy*, 559 U.S. 34, 37–39 (2010), criticized courts of appeals for requiring "some arbitrary quantity of injury" to maintain an excessive-force claim, the Court did not eliminate the required element of at least some harm or injury to maintain an Eighth Amendment claim.  *Wilkins*, 559 U.S. at 37–38 ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." (internal quotation marks and citations omitted)).

AFFIRMED.