**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6460**

BENJAMIN HEYWARD,

Plaintiff - Appellant,

v.

MS. A. PRICE,

Defendant - Appellee,

and

BRYAN P. STIRLING; DAVID W. DUNLAP,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  J. Michelle Childs, District Judge.  (6:18-cv-00150-JMC)

Submitted:  September 30, 2019                     Decided:  November 18, 2019

Before MOTZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Benjamin Heyward, Appellant Pro Se.  Kyle David McGann, Daniel Roy Settana, Jr., Ronald Keith Taylor, Jr., MCKAY FIRM, P.A., Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Heyward, a South Carolina inmate, brought this action pursuant to 42 U.S.C. § 1983, claiming that Defendant A. Price, a corrections officer, used excessive force in violation of the Fourth, Eighth, and Fourteenth Amendments when she sprayed him with pepper spray. Heyward now appeals the district court's order accepting in part the recommendation of the magistrate judge, granting Price's motion for summary judgment, denying Heyward's motion for summary judgment, and denying as moot Heyward's outstanding discovery motions and motion to amend his complaint. On appeal, Heyward also filed a motion to amend his brief and a motion to attach his deposition transcript to the brief. For the reasons that follow, we grant Heyward's motions to amend his informal briefing, affirm the district court's judgment in part, vacate in part, and remand for further proceedings.

As alleged in the complaint, on April 13, 2017, Heyward approached Price, who was sitting in a secure control booth, and asked her to direct one of the other inmates to give him cleaning supplies so he could clean his cell. When Price refused, Heyward told her "she needed to stop[] acting like a bitch." Price then approached the control booth flap and sprayed Heyward in the face with pepper spray. Immediately following this incident, another officer escorted Heyward to the medical unit, where he was given Tylenol and permitted to wash out his eyes. Heyward claims that, as a result of the incident, his eyes burned for approximately one hour and were swollen for three days, and he had a headache for seven days, chest pain for five days, and mental and emotional injuries for seven days.

2

Price does not contest the basic facts, but she claims it was necessary to pepper spray Heyward so he would stop his loud, disruptive, and threatening behavior. Price alleges that Heyward was not only directing abusive language toward her, but also toward other inmates, and that she verbally instructed Heyward to cease his behavior several times before resorting to pepper spray. Price also claims that Heyward was aggressively waving an unidentified bottle of liquid toward the control booth flap and at one point moved part of his arm holding the bottle into the flap. Heyward, for his part, acknowledges that he was holding a bottle of Ajax, but denies inserting the bottle into the control booth or even holding it near the control booth flap.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We first note that the district court properly determined that only the Eighth Amendment is relevant to this analysis.* *See Whitley v. Albers*, 475 U.S. 312, 327 (1986). Turning to that claim, "[a]n inmate's Eighth Amendment excessive force claim involves both an objective and a subjective component." *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). "The objective component asks whether the force applied was

---

* In any event, Heyward does not contest this in his informal brief and thus forfeits review of the issue on appeal. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

sufficiently serious to establish a cause of action." *Id.* "[T]he subjective component . . . asks whether the officers acted with a sufficiently culpable state of mind." *Id.* (internal quotation marks omitted).

First, and briefly, we address the subjective component. We agree with the district court that genuine issues of material fact exist as to whether Price acted with the requisite state of mind, "wantonness in the infliction of pain," *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986)), which "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320–21 (internal quotation marks omitted).

We part ways with the district court, however, on the objective component. The district court found that Heyward's case failed on the objective component because he suffered only de minimis injury. This was error. Here, the district court focused on de minimis *injury*, instead of considering whether the pepper spray amounted to more than de minimis *force*, which is the analysis this claim requires. *See Hill v. Crum*, 727 F.3d 312, 320–21 (4th Cir. 2013) (recognizing that it is "the nature of the force, rather than the extent of the injury, [that] is the relevant inquiry"); *see also Wilkins v. Gaddy*, 559 U.S. 34, 38–39 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). Because an excessive force claim cannot be rejected based on "some arbitrary quantity of injury," *Wilkins*, 559 U.S. at 39 (internal quotation marks omitted),

4

we reverse the district court's grant of summary judgment in Price's favor on this ground and remand for the district court to apply the appropriate standard.

Accordingly, we affirm the district court's denial of Heyward's motion for summary judgment, vacate the district court's grant of Price's motion for summary judgment, vacate the district court's denial as moot of Heyward's discovery motions and motion to amend his complaint, and remand to the district court for further proceedings. We grant Heyward's pending motions to file an attachment to his informal brief and to amend his informal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*