ALD-099                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2117
_____

THOMAS WOOD,
                                                   Appellant

v.

CAVELLO,
Officer of SCI Benner Township
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-01787)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 18, 2021
Before:  MCKEE, GREENAWAY, JR. and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 26, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Thomas Wood, an inmate proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 against a prison guard based on an alleged excessive use of force. According to the complaint, Officer Travis Civiello[1] "repeatedly smashed and stomped" both of the Wood's hands in the food aperture. The record reveals that Wood was housed in the Restricted Housing Unit, where food was passed to inmates through a small, horizontal opening at the front of the cell. During meal delivery on July 12, 2018, Wood was delivered a drink but not a meal due to a misunderstanding. When Officer Civiello requested that Wood pass his drinking cup through the food aperture, Wood refused, insisting that a meal be delivered or that Officer Civiello get a supervisor. When Officer Civiello reached for a spray on his belt, Wood held his hands in the food aperture so that it stayed open and prevented Civiello from spraying anything into the cell. Officer Civiello requested that Wood remove his hands and then attempted to close it by applying pressure with his hands and body weight.[2] Wood suffered from some swelling of the hands and superficial cuts.

The District Court granted summary judgment in favor of the defendant. It held that Wood had exhausted his administrative remedies, but that, on the merits, the defendants were entitled to judgment as a matter of law. The District Court concluded

---

[1] Wood misspelled "Civiello" as "Cavello" in his complaint.

[2] The incident was captured on surveillance video. After reviewing the tape, we agree with the District Court's description of the scene captured on video.

that the amount of force used by Officer Civiello was "consistent and measured" based on Wood's noncompliance, and that the application of force was not done "maliciously or sadistically." Wood timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

Wood claims that Officer Civiello violated his Eighth Amendment rights, which requires Wood to show that the force was used maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. See Wilkins v. Gaddy, 559 U.S. 34, 39-40 (2010). When "it appears that the evidence, viewed in the light most favorable to the plaintiff, will [not] support a reliable inference of wantonness in the infliction of pain," summary judgment is appropriate in favor of the defendant. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

Based on Wood's testimony and the surveillance video of the incident, the use of force and the accompanying infliction of pain was done in good faith rather than a wanton, malicious, or sadistic manner. Wood himself stated that Officer Civiello gave numerous warnings and asked him to take his hands out of the food aperture before

3

applying any force. Civiello pushed the food aperture closed, and the application of force ceased when that was accomplished. The video does not show any "banging" or "smashing" of Wood's hands, as he alleged. Wood's medical records, which describe only superficial injuries such as scrapes and minor swelling, confirm that the force used did not rise to the level of an Eighth Amendment violation. See Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (noting that the extent of the plaintiff's injury, in conjunction with other evidence, may be considered to determine the constitutionality of the force applied).

Accordingly, we will affirm the judgment of the District Court.